Claudeth J. Henry, Esq.
CJ HENRY LAW FIRM, PLLC
2303 East Fort King Street
Ocala, FL 34471
Tel:  (352) 304-5300
Claudeth@CJHenryLaw.com
*pro hac vice application pending*

Matt Vance, Esq.
28 Valley Road    Suite 1
Montclair, NJ 07042
Tel: (973) 932-0098
MatthewVance@optonline.net

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDIANNE BISCEGLIE,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT**<br><br>*Document Electronically Filed* |

The Plaintiff, Judianne Bisceglie, by and through her attorneys, Claudeth J. Henry, Esq. (*pro hac vice application pending*) and Matt Vance, Esq., Complains against the Defendant as follows.

1

## NATURE OF SUIT

1. This is an action for plan benefits and relief from breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, as amended, 29 USC § 1001, et. seq., (ERISA).

## JURISDICTION & VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 USC §§ 1331, as well as 29 USC § 1132(e) and 29 USC § 1132(f).

3. Venue is proper in this district pursuant to 28 USC § 1391 and 29 USC § 1132(e) because the breaches occurred within this district and Defendant can be found here.

4. Plaintiff filed a Claim and an Appeal, both of which were denied. As such, she has exhausted those pre-litigation remedies which are required to be exhausted prior to filing suit.

## PARTIES

5. During Claim and Appeal, Plaintiff resided at 42 Ackerman Street, Waldwick, New Jersey 07463. Since the date of her final Appeal Denial, Plaintiff has moved out of state.

6. Plaintiff is a participant in the group benefit plan referenced in this

Complaint.

7. Defendant Prudential Insurance Company of America ("Prudential") administers, insures, and serves as fiduciary with respect to the group benefit plan referenced in this Complaint. Prudential's principal place of business is 751 Broad Street, Newark, New Jersey 07102.

8. Defendant Prudential can be served with process by serving the New Jersey Department of Banking & Insurance, Commissioner of Insurance, 20 West State Street, Trenton, NJ 08625.

## FACTS COMMON TO BOTH COUNTS

9. Prior to disability, Plaintiff was a school teacher at a public high school in New Jersey. In this capacity, Plaintiff was a member of a labor union, the New Jersey Education Association ("NJEA").

10. The NJEA provides its membership with Long Term Disability insurance through the purchase of a policy of group disability insurance.

11. At all times relevant to this lawsuit, the group Long Term Disability benefit was funded by a policy of group disability insurance issued by Defendant Prudential bearing Group Contract No. G-41431-NJ.

12. Prudential administered participants' claims for benefits under the plan, including the claim for Long Term Disability benefits submitted by Plaintiff.

13. Plaintiff's former employer neither funded nor administered the plan or the policy referenced herein.

14. Based upon the certificate of insurance Prudential produced during its administration of Plaintiff's claim, it had final authority to determine an insured's Long Term Disability benefits under the plan. Also pursuant to the certificate, Prudential exercised authority and control over the operation of the plan.

15. A true copy of the policy/certificate is attached hereto.

16. As of Fall, 2016, Plaintiff was struggling with cervical and lumbar disc disease, Chronic Fatigue Syndrome, fibromyalgia, orthostatic hypotension and neuropathy.

17. One analyst has made the following observation regarding Ms. Bisceglie's condition:

> Ms. Bisceglie was hypersentitive to all palpation to the neck/upper back and arms and demonstrated extreme tenderness to multiple trigger point palpation (which was conducted through her jacket and sweatshirt). She was also very sensitive over the SI joints and buttocks, L > R.
>
> * * *
>
> In conjunction with cervical spine mobility, Ms. Bisceglie's whole body was noted to be shaking.

18. Plaintiff's disabling conditions render her unable to work in any capacity, in any setting.

4

19. Prudential initially approved Ms. Bisceglie's claim for disability benefits.

20. Prudential hired a contract physician to review her medical records, who candidly noted Ms. Bisceglie's limitations.

21. Prudential subjected the Plaintiff to aggressive surreptitious video surveillance, none of which depicted Plaintiff behaving in a manner inconsistent with her stated restrictions and limitations.

22. When the definition of "disability" shifted from "Own Occupation" to "Any Occupation," Prudential terminated Plaintiff's benefits.

23. In response to this Claim Denial, Ms. Bisceglie underwent a Functional Capacity Examination (FCE). The FCE was conducted in-person by an experienced examiner. The FCE determined that Ms. Bisceglie was thoroughly compromised by her medical conditions, and unable to hold down any employment.

24. When Prudential received the results of this FCE, the adjuster who was assigned to the claim reversed the Claim Denial, and concluded that benefits are payable.

25. The adjuster's supervisor, however, overruled the adjuster, and determined that the Claim should remain in denial status.

26. This approval of benefits and then the quick retraction thereof is depicted in the following voicemail from Prudential:

> Hi, this message is for Ms. Henry. This is Dawn with Prudential's appeals department calling regarding the claim for Ms. Judianne Bisceglie. I'm calling to let you know that at this time benefits are not yet being released on her claim. I did make a determination as you know to reinstate benefits and that was based on the addendum medical file review that we had completed. I did so without realizing or I should say remembering that it's a second appeal and with second appeals we do need to be reviewed by our superiors before a determination can be finalized and that's why there isn't an approval or a denial. So I did realize after communicating my decision to you that it does need to be reviewed by my superior before I can finalize it. And my superior has asked that I clarify some information with the physician who did the addendum file review as far as clarifying what specific evidence or documentation supports his change in opinion regarding Ms. Bisceglie's functional capacity dating back to April of 2019 when her benefits were terminated and that's being – and that's because the additional information that he indicates changed his opinion is the functional capacity from December. So, we just need to have clear rationale documented as to how that December information changes his opinion dating back to April, and again, that just needs to be clearly rationalized and documented in the file. So, I've already asked the physician to provide that clarification for me. I do apologize. It's completely my error. I jumped the gun with my determination and again, I failed to remember it was a second appeal before I did that. So, as soon as I get that clarification back, I will reach back out to you and also, I did get your voicemail about the cost-of-living increase. For the monthly . . .

Voicemail message from Defendant's adjuster dated February 4, 2020, 8:45 am (*recorded message terminates at timestamp 1' 59"*).

6

27. With the Appeal still pending, Prudential referred the file for an Independent Medical Examination (IME) to be performed in The Bronx, New York.

28. Plaintiff's representative made contact directly with the physician assigned by Prudential to conduct the IME. That physician authorized the presence of a Registered Nurse observer to accompany Ms. Bisceglie to the IME and observe all relevant portions of it.

29. Plaintiff's representative also made contact directly with the third party vendor who arranged (on Prudential's behalf) for the participation of that particular physician.

30. In the past, Prudential has denied claimants the right to have an observer present at IME's.

31. Rather than postponing the exam until after the pandemic, or arranging for it to be conducted remotely, or even arranging for a peer-to-peer telephone conference with Ms. Bisceglie's treating physician for a better understanding of her clinical status, Prudential cancelled the IME and issued an Appeal Denial dated April 15, 2020.

32. Prudential's denial letter states as follows:

> We have determined as of November 11, 2019, Mrs. Bisceglie would be unable to perform any gainful occupation; however, the time period under review is

> April 12, 2019 forward. **For the period of April 12, 2019 through November 10, 2019, Mrs. Bisceglie had the functional capacity to perform the alternate gainful occupations previously identified** and therefore, did not meet the definition of disability of her LTD Group Policy continually through the period under review.

(*emphasis added*).

33. This finding was based in part on a false premise. Prudential's Peer Reviewer responded that he was in agreement with a prior assessment which concluded that Ms. Bisceglie has been disabled since 2019. However, Ms. Bisceglie had been adjudicated disabled since November 28, 2016, the alleged onset date of disability.

34. Prudential is thus asserting that Plaintiff was disabled in November of 2019, but not the April prior.

35. In spite of the clear evidence supporting the Plaintiff's satisfaction of the plan's definition of disability, Prudential persisted in denying the request for disability benefits, necessitating the within lawsuit.

36. At all times, Plaintiff's disability was supported by her treating physicians.

## COUNT ONE
## CLAIM FOR BENEFITS

**WHEREFORE**, Plaintiff Bisceglie requests entry of an Order providing the following relief:

8

37.  Reinstatement of monthly Long Term Disability benefits retroactive back to the date that they wrongfully terminated by Prudential.

38.  Payment of Long Term Disability benefits going forward in accordance with the policy of insurance.

39.  Pre-judgment interest.

40.  Attorney's fees and costs.

41.  Any other relief that the court deems just and fit.

## COUNT TWO
## BREACH OF FIDUCIARY DUTY

42.  The manner with which Prudential processed Plaintiff's request for benefits was blatantly competitive.

43.  This conduct was not merely unsportsmanlike.  Rather, this type of conduct violates the fiduciary duties of prudence and loyalty.

44.  Such breaches have caused losses to Plaintiff beyond the failure to pay monthly Long Term Disability benefits.

**WHEREFORE**, Plaintiff requests an Order providing the following relief:

45.  Determining that Defendant breached their fiduciary duty to Plaintiff.

46.  Awarding to Plaintiff her reasonable attorneys' fees, costs of suit, interest, and equitable surcharge.

47.  Awarding to Plaintiff any other relief determined by the Court to be

equitable and just.

| | |
|---|---|
| DATED: <u>March 10, 2021</u> | Respectfully submitted, |

                                                s: /<u>*Matt Vance, Esq.*</u>

                                                28 Valley Road    Suite 1
                                                Montclair, NJ 07042
                                                Tel: (973) 932-0098
                                                MatthewVance@optonline.net

                                                Claudeth J. Henry, Esq.
                                                CJ HENRY LAW FIRM, PLLC
                                                2303 East Fort King Street
                                                Ocala, FL 34471
                                                Tel:  (352) 304-5300
                                                Claudeth@CJHenryLaw.com
                                                *pro hac vice application pending*

                                                *Document Electronically Filed*